# 8378

ARCHIBALD T. HIGGINS       :       NO. 8378
AND
FREDERICK A. MIDDLETON

                   :       COURT OF APPEAL

     VS

GAETANO UCHELLO, ET AL.      :       PARISH OF ORLEANS

          :   :   :   :   :

- - -

WILLIAM A. BELL, JUDGE.

- - -

MAY 14, 1923.

Court of Appeal
Parish of Orleans
FILED May 14/23
[signature]

811

By WILLIAM A. BELL, Judge.

This is a suit by plaintiffs to recover of defendants in solido the sum of $1500.00 for professional services alleged to have been rendered under a verbal agreement or contract of employment, in which plaintiffs claim to have been retained by each and all of the defendants, to advise and defend some of the defendants who had been arrested by Federal authorities under a charge of having conspired to commit a crime in violation of a Federal statute. Defendants answer by admitting the arrest, but deny that they are in any manner indebted to plaintiffs or that they employed them or agreed to pay them the sum claimed. In the latter part of Paragraph "4" of the answer, it is further alleged by respondents that petitioners were notified that their services were not required by defendants or by the accused as named in the petition. There was judgment in solido against all defendants and in favor of plaintiffs in the sum of $500.00, and plaintiffs have answered the appeal herein taken by defendants, praying for an increase of the judgment to the full amount prayed for in the petition.

The evidence is most conflicting as to whether the contract alleged was definitely made between the parties to this suit, but we find from the record of this case, from the notification above referred to in defendants' answer and from admissions made by all defendants (the accused as well as their relatives) that plaintiffs were undoubtedly employed or retained by each of the defendants for the purposes above mentioned, and that on the date subsequent to their negotiations, that plaintiffs were peremptorily dismissed after having rendered diligent and valuable services as far as it was possible for them to do so.

It is urged by counsel for defendants that plaintiffs' testimony as to the verbal contract of employment, so far as it referred to their engagement by relatives of the accused, should

have been excluded on objections interposed, for the reason that
the offer of such evidence was an attempt to prove by parole a
promise to pay the debt of a third person. We find no merit in
this contention. The employment in question was in relation to
services not necessarily to be rendered to, *exclusively* though for the bene-
fit of, the accused, who may not have seen fit to employ any coun-
sel in the matter, but to the relatives *also* who were doubtlessly
greatly concerned in securing the liberty and acquittal of the
accused. It is true, however, that both the relatives and the
accused employed the plaintiffs, thereby rendering themselves lia-
ble to plaintiffs, not in solido but jointly and severally, for
such services as may have been rendered. There is nothing in the
record to show that there was any obligation intended to bind de-
fendants in solido. Such an obligation must be expressly stipu-
lated, not presumed. Art. 2093. *R-C.C.*

This court has frequently held that a contract of
employment with an attorney is in the nature of a mandate, revoca-
ble at the will of the principal upon the payment of the value of
the services rendered up to the date of the discharge.(Gosserand
v. Crespo and others , 7829 Orleans Appeal; Louque v. Dejan, 8
Orleans Appeal, 430).

The evidence is to the effect that plaintiffs were
to be paid the sum of $500.00 cash, and we are convinced, as was
evidently the learned judge of the trial court, that services of
this value were undoubtedly rendered up to the time of their dis-
charge. We will not disturb the judgment in this respect, (Phil-
lips v. Stewart, 24 La., 152; Succession of Demien, 8987 Orleans
Appeal), but will, however, amend so as to find defendants liable
therefor only jointly and not in solido.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED
that the judgment herein appealed from be amended so that the
defendants herein be and they hereby are declared liable jointly

and not in solido. As thus amended, the judgment is affairmed, plaintiffs and appellees to pay costs of appeal.